UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WANDA KUNDSEN,              )<br>                                           )<br>        *Plaintiff*            )<br>                                           )<br>*v.*                                     )<br>                                           )<br>CAROLYN W. COLVIN, Acting  )<br>Commissioner of Social Security, )<br>                                           )<br>        *Defendant*           ) | No. 2:14-cv-155-JHR |

*MEMORANDUM DECISION ON APPLICATION FOR ATTORNEY FEES*

The plaintiff seeks $5,695.67 in attorney and paralegal fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in connection with this Social Security benefits appeal. The defendant objects, contending that her position in the litigation was substantially justified. I grant the request in part, reducing the award to $4,368.44.

The EAJA provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA allows fee reimbursement to a prevailing party only for "reasonable fees and expenses of attorneys[.]" *Id*. § 2412(b). "[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). "The plaintiffs bear

1

the burden of establishing the reasonableness of the rates and hours submitted in their application for fees." *Mason v. Maine Dep't of Corr.*, 387 F. Supp.2d 57, 60 (D. Me. 2005).

## I.     Procedural Background

The plaintiff appealed to this court from the defendant's denial of her application for Social Security Disability and Supplemental Security Income benefits. Plaintiff's Itemized Statement of Errors ("Itemized Statement") at 1. After the parties consented to my presiding over the case, ECF No. 17, and oral argument, I ruled in favor of the plaintiff on one of the five issues raised in her itemized statement of errors. Memorandum Decision (ECF No. 19) at 10. This application for fees followed. EAJA Application for Fees and Expenses (ECF No. 21).

## II.     Discussion

### A.  Substantial Justification

The defendant contends that her position in this case was substantially justified. Defendant's Opposition to Plaintiff's EAJA Application for Fees and Expenses ("Opposition") (ECF No. 22) at 1. The issue upon which the plaintiff was successful was the insufficiency of the administrative law judge's discussion of the opinions of a treating physician. Memorandum Decision (ECF No. 19) at 9-11.

The plaintiff is the prevailing party in this action, and the defendant does not suggest otherwise. The defendant does not challenge any of the entries on the attorneys' itemization of the fees sought or the hourly rates applied in that document (ECF No. 21-1), although she does challenge the total number of hours claimed. The defendant bears the burden to demonstrate that her position was substantially justified. *McDonald v. Secretary of Health & Human Servs.*, 884 F.2d 1468, 1475 (1st Cir. 1989).

2

The defendant's position was substantially justified if it had a reasonable basis in law and fact and was justified to a degree that could satisfy a reasonable person. *Id*. The defendant's success before the administrative law judge is a factor to be considered in the substantial justification analysis. *See, e.g., Garnica v. Astrue*, 378 Fed. App'x 680, 682 (9th Cir. 2010); *Burgos v. Astrue*, Civil Action No. 3:09-cv-1216 (VLB), 2011 WL 1085623, at *3 (D. Conn. Mar. 18, 2011).

The defendant emphasizes language from *Saysana v. Gillen*, 614 F.3d 1 (1st Cir. 2010), in which a recipient of a writ of habeas corpus against Immigration and Customs Enforcement sought an award of attorney fees under the EAJA. *Id*. at 2. Noting that the government's position "can be substantially justified even if a court ultimately determines the agency's reading of the law was not correct[,]" *id*. at 5 (citation omitted), the First Circuit held that an award of fees was not warranted where the issue upon which the plaintiff in that case ultimately succeeded was a novel one, on which there was little precedent. *Id*. at 6. That is not the case here.

The claim at issue in this case is a familiar one: that the administrative law judge failed to comply with Social Security Ruling 96-2p and 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) in his discussion of the opinions of a treating physician. The challenge to the sufficiency of such discussions is one that the plaintiffs' bar has raised in many cases, arguing that analyses were fatally flawed for their brevity and lack of specificity. In this case, the administrative law judge went over that line in circumstances that made the harmless error doctrine unavailable to save the opinion.

That the plaintiff was able to obtain remand under these circumstances on an issue that is not novel in this district is not itself a novel outcome. While the defendant prevailed on all other issues raised by the plaintiff, the substantial justification standard is not a balancing test, nor does

*Saysana*'s language about treating a case in which an EAJA fee is sought as an "inclusive whole" require, as the defendant would have it, Opposition at 4-5, that such balancing take place. The standards that the court applied to this case were already in existence in the district's Social Security jurisprudence. I cannot conclude that the defendant's attempt to defend this further, incremental contraction of an administrative law judge's responsibilities was substantially justified.

### B.  Attorney Time

The defendant argues that "the Court should make a significantly smaller EAJA award than plaintiff has requested," for 30 rather than 44.4 hours, because most of the plaintiff's arguments were unsuccessful, no novel issues were involved, and the administrative record was not particularly large. Opposition at 5-6. In response, despite having characterized this case as one presenting only "garden variety" issues, Reply Memorandum Regarding the Pending EAJA Application ("Reply") (ECF No. 23) at [3], the plaintiff's attorney asserts that "there are simply some cases that do not come together quickly and easily," *id*. at [5], and "there are still some cases, such as this one, that simply take more time for no one particular reasons[.]" *Id*. at [6]. He ends by stating that he "would not object to a reduction of 2.2 hours each of attorney time and paralegal time[,]" *Id.* at [7].

The plaintiff's attorney cites Social Security cases in which 20 to 40 hours was held to be a reasonable amount of time to spend on a judicial appeal. *Id*. at [6]. His proposed reduction would bring this "garden variety" case to the top of that range. He notes, correctly, that the defendant has not pointed to specific expenditures of time by the law firm in this case that she deems excessive. *Id*. at [7]. However, it is the plaintiff who has the burden to demonstrate that the fees that he seeks are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Mason v.*

4

*Maine Dep't of Corr.*, 387 F.Supp.2d 57, 60 (D. Me. 2005).[1]  In *Guimond v. Social Sec. Admin. Comm'r*, No. 1:10-CV-00037-JAW, 2011 WL 3100537 (D. Me. July 25, 2011), this court observed that, even when the commissioner fails to contest the amount of a plaintiff's counsel's EAJA fee request,

> [a] fee-shifting award under the EAJA is appropriately reduced in scope to account for the prevailing party's relative degree of success.  A fee-shifting award should not compensate attorney effort that was unsuccessful in demonstrating unreasonable government action.  A district court should equitably reduce the overall award to reflect the plaintiffs' less than complete success and the extent to which their legal work was aimed at contesting the government's reasonable position.

*Id*. at *2 (citations, internal punctuation and emphasis omitted).  As was the case here, in *Guimond* the court found it significant that the statement of errors submitted by the plaintiffs' attorney included an argument that was not successful and that the nature of the issue that generated the remand was not exceedingly complex.  *Id*.  Counsel had reduced their request to 40 hours of attorney time, and the court reduced the award to 30 hours.  *Id.*  Indeed, in this case more than one argument raised by the plaintiff was unsuccessful.  *See* Plaintiff's Itemized Statement of Errors (ECF No. 12) at 4-18 (issue upon which the plaintiff was successful is found at 15-16).

Considering the totality of the foregoing circumstances of this case, a reduction of the requested hours from 44.4 to 35 is justified.  Deducting equally from attorney time and paralegal time, or 4.7 hours from each, generates a total of $4,368.44 in attorney fees payable under the EAJA in this case (16.6 - 4.7 = 11.9 x $192.39 = $2,289.44; 27.8 – 4.7 = 23.1 x $ 90 = $2,079.00).

---

[1] The plaintiff includes the following argument in this portion of her reply memorandum: "[S]ince the Court's decision in <u>Bowman v. Colvin</u>, 2013 WL 1907454 (D. Me. 2013), affirmed, docket No. 13-1875 (1st Cir. 2014), counsel has concluded that a reasonable and prudent attorney practicing in this area and wishing to avoid malpractice must raise every possible issue and never waive any issue despite its lack of relevance at the time because of the risk that it will become relevant as the case progresses and any waiver of any issue may result in malpractice." Reply at [5].  I discern nothing in my recommended decision in *Bowman v. Colvin*, No. 1:12-CV-246-GZS, 2013 WL 1907454 (D. Me. Mar. 31, 2013), and nothing in the First Circuit's brief judgment affirming the decision, *Bowman v. Colvin*, No**.** 13-1875, Judgment (ECF No. 26) in Case No. 1:12-cv-00246-GZS, that imposes such a requirement on the Social Security bar practicing in this court.

### III.     Conclusion

For the foregoing reasons, the plaintiff's petition for an award of attorney fees under the EAJA is **GRANTED**, but only in the amount of $4,368.44 (Four Thousand Three Hundred Sixty-Eight Dollars and Forty-four Cents).

Dated this 31st day of July, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge